UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SARA ROWE,**

        Plaintiff,        Case No.

**v.**

        Hon.

**RLM GLOBAL SERVICES, INC.,**
**and LINDA MORTZ**

        Defendants.

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*mjohnson@goldstarlaw.com*

## COMPLAINT

Plaintiff, Sara Rowe, through her attorneys, Gold Star Law, P.C., for her complaint state:

### PARTIES, JURISDICTION and VENUE

1. Plaintiff Sara Rowe is an individual who resides in Westland, Michigan.

2. Defendant RLM Global Services, Inc. ("RLM Global") is a Michigan Profit corporation with its place of business in Farmington Hills, Michigan.

3. Defendant Linda Mortz ("Mortz") is an individual regularly conducting business in Farmington Hills, Michigan.

4. This action arises under the Fair Labor Standards Act of 1938 ("FSLA") 29 U.S.C. 201, et seq., and the Michigan Workforce Opportunity Wage Act of 2014 ("WOWA") and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

5. Defendants reside within this judicial district and the claims asserted in the actions arose within the district. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b).

## FACTUAL ALLEGATIONS

6. Defendant RLM Global Services Inc. owns and operates a business as HVAC service contractors.

7. Defendant Mortz is the resident agent, president, director, and a shareholder for RLM Global. Upon information and belief, Mortz is involved in managing RLM Global's business operations and setting its compensation policies.

8. Plaintiff began working for Defendants as a "Coordinator" in 2013 and continued in that position until December 2018.

9. Defendants paid Plaintiff at a rate of $18.00 per hour for 40 hours per week.

10. In addition to working during business hours, Plaintiff was frequently on call, and asked to work during an unpaid lunch break. On average, Plaintiff spent several hours per week performing such work;

11. Defendants did not compensate Plaintiff for performing on call work or working during unpaid lunch breaks.

12. Defendants were, or should have been, aware that Plaintiff was working these uncompensated hours. Defendants specifically directed Plaintiff to perform such work.

13. Plaintiff complained to management about the extra hours she worked performing on call duties. Additionally, Plaintiff was also expected to be available to perform on call duties during her unpaid lunch break.

14. Defendants were required to compensate Plaintiff at 1 ½ her regular rate of pay for hours worked in excess of 40 hours per week. Defendants did not compensate Plaintiff at 1 ½ times her rate of pay for hours worked in excess of 40 hours per week. Defendants did not compensate Plaintiff at all for any hours worked in excess of 40 hours per week.

15. Plaintiff was not, at any time during her employment, exempt from the overtime pay requirements of the FLSA or WOWA.

16. All hours worked by the Plaintiff, including overtime hours, were worked at the direction and with sufferance of Defendants.

17. Defendants' failure to pay overtime is in violation of the FLSA and WOWA was willful, with knowledge, or with reckless disregard for the statutory overtime requirements.

## COUNT I – VIOLATION OF THE
## FAIR LABOR STANDARDS ACT OF 1938

18. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

19. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203 (d).

20. Plaintiff is an "employee" within the coverage of the FLSA. 29 U.S.C. 203(e).

21. Plaintiff is an "employee" engaged in "commerce" as defined by the FLSA. 29 U.S.C. 203 (b).

22. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203 (s).

23. Defendants had revenue in excess of $500,000 per year during the time of the Plaintiff's employment with Defendant. 29 U.S.C. 203(s).

24. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff at least 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

25. Defendants violated Section 207 of the FLSA by failing to pay Plaintiff 1 ½ half times her regular rate of pay for hours worked in excess of 40 per week.

26. Pursuant to Section 207 of the FLSA, Defendants are liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, together with her cost and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT.

27. Plaintiff incorporates the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

28. Plaintiff is an "employee" within the coverage of WOWA.

29. Defendants are "employers" within the coverage of WOWA.

30. Pursuant to the WOWA, Defendants are required to pay Plaintiff at a rate of 1 ½ times her regular rate of pay for all hours worked in excess of 40 hours per week.

31. Defendants failed to pay Plaintiff at least 1 ½ times her regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section4a of the WOWA.

32. Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the

employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgement against Defendants, jointly and severally, in an amount to be determined at trial, together with her cost and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

　/s/ *Caitlin E. Malhiot*

**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

Dated: January 30, 2019